IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
IN OPEN COURT

SEP 1 0 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | UNDER SEAL |
| | ) | |
| | ) | CRIMINAL NO. 2:20cr 82 |
| v. | ) | |
| | ) | 18 U.S.C. § 371 |
| MORRIS ANDREW BANDER, | ) | Conspiracy |
| | ) | (Count 1) |
| Defendant. | ) | |
| | ) | 18 U.S.C. §§ 981 and |
| | ) | 28 U.S.C. § 2461(c) |
| | ) | Forfeiture |
| | ) | |

### INDICTMENT

September 2020 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

COUNT ONE

Introduction

Unless otherwise noted, at all times material to this Indictment:

1. From approximately January 2014 through May 2018, Portsmouth Pawn was a registered pawnshop located at 722 County Street, Portsmouth, Virginia, which is in the Eastern District of Virginia.

2. Defendant MORRIS ANDREW BANDER was the owner of Service Solutions for IT, Incorporated, which did business as Portsmouth Pawn. BANDER was also the licensee for Portsmouth Pawn and the registered agent for Portsmouth Pawn, Inc.

3. BANDER controlled the primary operating bank accounts for the business and exercised authority over major business decisions. He also exercised the authority to hire employees and set their salaries and wages.

4. BANDER hired co-conspirator Joseph T. Poling to be the on-site manager of the pawnshop. Poling handled the day-to-day operation of the pawnshop, which included interacting with individuals who sought to sell or pawn goods to the store. Poling exercised the authority to decide what goods the pawnshop would purchase and how much the pawnshop would pay for the goods. Poling regularly provided reports to BANDER regarding the amount of goods purchased and sold, business expenses, and the overall profitability of the pawnshop. Poling received operating cash from BANDER to purchase goods in the name of the pawnshop.

5. Another co-conspirator, Raisa Ison, also assisted in managing the pawnshop. Her primary role was to coordinate the sale and shipment of goods via the internet, but she also assisted with buying goods from individuals who sought to sell or pawn goods to the store.

6. The normal, legitimate business model of a pawnshop is for a pawnbroker to offer loans backed by collateral (something of value). A person who wants a loan will provide an item of value, which the person legitimately owns, to the pawnbroker in exchange for a loan that is usually a fraction of the item's actual value. The pawnbroker keeps the item until the loan is repaid or sells the item if the loan is not paid off. Another common transaction is for the owner to sell the item outright to the pawnbroker. The pawnbroker can purchase the item and then resell it at a profit.

7. A "booster" is a person who steals goods and merchandise. Boosters often sell the stolen goods and merchandise to a "fence" at a fraction of the retail cost.

8. A "fence" is a person who receives stolen goods and merchandise from boosters and others in order to sell it to third parties for profit.

The Conspiracy and its Object

1. From in or about January 2014 to December 2017, the exact dates being unknown, in Portsmouth, which is within the Eastern District of Virginia, and elsewhere, MORRIS ANDREW BANDER, the Defendant herein, did knowingly and intentionally combine, conspire, and agree with others known and unknown to the grand jury, to commit the following offense against the United States:

> To transport, transmit, and transfer, and cause to be transported, transmitted and transferred, in interstate commerce goods, wares, and merchandise of the value of $5,000 or more, knowing the same to have been stolen or converted, in violation of Title 18, United States Code, Section 2314.

(In violation of Title 18, United States Code, Section 371.)

2. The object of the conspiracy was for BANDER, Poling, and Ison (collectively "the co-conspirators") to obtain money by purchasing stolen goods for less than retail value and then re-selling the goods for a profit on eBay, an internet-based marketplace.

3. During the course of the conspiracy, the co-conspirators illegally obtained more than $1 million in gross revenue through the sale of stolen goods.

Ways, Manners, and Means of the Conspiracy

The ways, manner, and means by which the foregoing object of the conspiracy was to be accomplished included, but were not limited to, the following:

1. It was a part of the conspiracy for boosters to steal new, packaged items from retail stores, such as Walmart and Sam's Club, within the Eastern District of Virginia and elsewhere.

2. It was further a part of the conspiracy for the co-conspirators to knowingly accept stolen goods at Portsmouth Pawn and pay the boosters cash for the goods. They paid the boosters

3

an amount less than the market value of the goods. The types of stolen goods purchased by the co-conspirators include, but are not limited to: power tools, pet supplies, printer ink cartridges, computer routers and hard drives, shaving razors, and personal electronics.

3. It was further a part of the conspiracy for Poling to regularly inform BANDER how much operating cash Poling would need in order to facilitate the purchase of stolen goods.

4. It was further a part of the conspiracy for BANDER to supply Poling with the necessary operating cash to purchase stolen goods. BANDER knew that a portion of the operating cash he provided was used to purchase stolen goods.

5. It was further a part of the conspiracy for one or more of the co-conspirators to inform the boosters of the types of items that the co-conspirators were interested in buying.

6. As part of the conspiracy, the co-conspirators established eBay accounts through which they posted advertisements for stolen goods and offered them for sale or auction, knowing that the sale of stolen goods was expressly prohibited by eBay policies. The eBay accounts used by the conspirators included the following: ptownpawn2014 and cellesta2272.

7. As part of the conspiracy, the co-conspirators established PayPal accounts through which buyers electronically wired payments for the goods to the defendants. One of the PayPal accounts was registered under the name of MORRIS BANDER.

8. It was further a part of the conspiracy for the co-conspirators to sell the goods on eBay for more than they paid the boosters, thereby making a profit.

9. It was further a part of the conspiracy for the co-conspirators to receive the money via electronic wire transfer through PayPal, which would then electronically transfer the money to one of the bank accounts to which one or more of the co-conspirators had control or access.

10. It was further a part of the conspiracy for the co-conspirators to mail the goods to the buyers using the United States Postal Service or other interstate mail delivery service.

Overt Acts

Unless specifically noted, the following acts occurred during the time period material to this Indictment:

1. On or about July 12, 2013, in Portsmouth, Virginia, Defendant MORRIS ANDREW BANDER and another individual opened a commercial bank account with TowneBank with an account number ending in -5375. The title on the account was "Service Solutions for IT, Inc.," and "Portsmouth Pawn." The accountholder was "Service Solutions for IT, Inc." BANDER and another individual signed the signature cards as authorized signers for the account. The address associated with the account was 722 County Street, Portsmouth, Virginia 23704. The account was active throughout the course of the conspiracy.

2. On or about February 6, 2014, the co-conspirators established an eBay account under the user ID: ptownpawn2014. The name listed as part of the registration information was Raisa Ison. The associated contact address and shipping address was listed as 722 County Street, Portsmouth, VA 23704. The associated email address provided was: raisaison@portsmouthpawn.com. Under the contact information history, the name "Raisa/Joe Negrau/Poling" was also listed. Under the email address history, the following email address was listed: ebay@portsmouthpawn.com.

3. The email account, ebay@portsmouthpawn.com, was created and utilized by the co-conspirators.

4. On or about May 31, 2017, the co-conspirators established and used a PayPal account under the name of MORRIS BANDER. According to the registration information for this PayPal account, the email address associated with the account is: ebay@portsmouthpawn.com. The account, which had an account number ending in -9803, was also linked to the Portsmouth

5

Pawn TowneBank account ending in -5375, such that money collected in this PayPal account would be deposited into the TowneBank account.

5. For example, on or about July 26, 2017, $6,000 was deposited into the TowneBank account from the PayPal account ending in -9803.

6. The co-conspirators also used a PayPal account under the name of Raisa Ison. According to the registration information for this PayPal account, the email address associated with the account is raisaison@portsmouthpawn.com. The account, which had an account number ending in -0391, was also linked to the Portsmouth Pawn TowneBank account ending in -5375, such that money collected in this PayPal account would be deposited into the TowneBank account.

7. BANDER knowingly provided Poling thousands of dollars in cash that the co-conspirators designated for purchasing stolen goods from boosters.

8. Poling used the cash provided by BANDER to purchase stolen goods from multiple boosters.

9. The co-conspirators sold the stolen goods to buyers all over the United States via eBay, which resulted in monetary payments being electronically transferred using the internet to one of the PayPal accounts established by the co-conspirators.

10. Monetary payments were electronically transferred using the internet and interstate wires from the PayPal accounts to the Portsmouth Pawn business bank account at TowneBank, over which BANDER exercised control.

11. The co-conspirators caused stolen goods, which in aggregate were valued at more than $5,000, to be transported or shipped to multiple states outside of Virginia.

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The Defendant, if convicted of any of the violations alleged in this indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

2. If any property that is subject to forfeiture above, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the Defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

3. The assets subject to forfeiture include, but are not limited to:

   a. Navy Federal Credit Union account with account number 7040798410 under account holder RAISA ISON.

   b. TowneBank business bank account 213035375 for Service Solutions for IT, doing business as Portsmouth Pawn.

   c. Wells Fargo bank account with account number 1595591593 under account holder RAISA ISON.

   d. Wells Fargo bank account with account number 1010299812991 under account holder RAISA ISON.

   e. E-Trade account number 3662-1369.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c).)

United States v. Morris Andrew Bander

Criminal No. 2:20cr82

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____*(signed)*_____
Randy Stoker
Assistant United States Attorney
Virginia State Bar No. 73455
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
757-441-6331 Office
757-441-6689 Fax
randy.stoker@usdoj.gov

8