# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CASE NO: 2:20CR00082 |
| ) | |
| MORRIS ANDREW BANDER ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW Defendant MORRIS ANDREW BANDER ("Bander") and files this Sentencing Memorandum to the Presentence Investigation Report (PSIR) filed in his matter.

### I.  Facts

The Government named Bander in a one-count Indictment on September 10, 2020 and charged him with:

- Count 1 for Conspiracy in violation of 18 U.S.C. §371,

- Bander plead guilty to the singular charge on May 21, 2021.

### II.  Sentencing Guideline Calculations

In filing its PSIR, the Probation Office attributed the following additions to Bander's offense level:

> In addition to the base offense level for Count 1, the Probation Office added two points because the business involved receiving stolen property. (PSIR 9.)
>
> Four additional points for Bander's leadership role in the conspiracy (PSIR 9). A withdrawal of this objection allows for the 30-month maximum as if it was adjudicated in Bander's favor and the guideline level was a 19 with a sentencing range of 30 to 37 months. The withdrawal of this objection keeps Bander's Acceptance of Responsibility in tact.
>
> Fourteen additional points because the total loss exceeded $550,000 (PSIR 9).

Three points were subtracted for Bander's Acceptance of Responsibility and timely acceptance of his plea of guilt (PSIR 10).

The United States Probation Office (U.S.P.O.) has calculated Bander's adjusted offense level as 23, Criminal History Category I with a Guideline range of 46 to 57 months, $20,000 to $200,000 fine, a special assessment of $100, and at least 3 years of supervised probation.

The United States has agreed to the recommended term of imprisonment of not more than 30 months.

For the reasons set forth below, the Defendant hereby believes a sentence of probation is sufficient but not greater than necessary to carry out the statutory purposes of sentencing.

### III.    *18 U.S.C. § 3553(a) Sentencing Factors*

In United States v. Booker it was held that the sentencing guideline range is advisory, and courts must consider the recommended guideline range as one of the seven statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). Booker, 543 U.S. 220,259-60 (2005). Those factors include: (a) the nature and circumstances of the offense and the history and characteristics of the defendant, (b) the kinds of sentences available, (c) the guideline range, (d) the need to avoid unwarranted sentencing disparities, (e) the need for restitution, and (f) the need for the sentence to reflect the following: the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3553(a).

In Kimbrough v. United States, 552 U.S. 85,128 S.Ct. 558 (2007), held that sentencing guidelines were simply an advisory tool to be to be considered alongside the other statutory factors. The guideline range serves the purpose of being a reference in the imposition of a sentence but is not intended to substitute a court's own discretion. "The guidelines are not only *not mandatory*

on sentencing courts; they are also not to be *presumed* reasonable." Nelson v. United States, 128 S.Ct. 890 (2009).

In other words, a sentencing court may not rely on the Sentencing Guideline range as a default to be imposed unless there is sufficient basis to impose a sentence outside that range. Rather, the court must weigh each of the factors and impose a sentence that reflects the least amount of imprisonment necessary pursuant to § 3553(a). As the Supreme Court recently reiterated, in imposing a sentence, "the punishment must fit the offender and not merely the crime." Pepper v. United States, 131 S.Ct. 1229, 1240 (Mar 2, 2011). Sentencing Guidelines were intended to aid the sentencing court in using its own discretion.

### A.  *§ 3553 (a)(2) Further Considerations*

The sentencing factors enumerated at 18 U.S.C. § 3553 (a)(2) include the need for just punishment, the need for general and individual deterrence, the need for incapacitation, and the need to provide the defendant with educational and vocational opportunities.

In examining the government's discovery the following facts are significant considerations:

i. Perry McDonald, an employee (2013-2015), stated Bander was the owner but worked behind the scenes and left most of the operations to Poling. Bander would visit once per week for an hour.

ii. Austin Nichols, an employee, stated Bander ran executive-level functions. Bander distanced himself from the shop's operations and only visited 2-3 times a week.

iii. Arnessia Reeves-Smith, a booster, did not recognize Bander in a photo. In her 302 she believed Poling and Ison ran most of the operations. Poling was the main manager. Ison ran the shop when he was not around.

In general:

i. Bander did not control the main eBay/Paypal accounts.

ii. Bander did not deal with boosters (directions, transactions, payments).

iii. Bander was not involved in the daily operations.

iv. Bander did not ship merchandise.

v. Bander opened the pawn shop as a legitimate business for Poling to manage.

### a. *Just Punishment*

The Defendant has committed an offense that he will regret for the rest of his life and for which the law requires "just desserts." In addition to the penalties to be imposed by this Court, Bander will also suffer the loss of his license to practice law. Further, he has suffered great personal hardship due to the dissolution of his marriage as a result of this conviction. However, the requested sentence of probation for Bander's crime represents tangible retribution that will adequately promote respect for the law.

### b. Adequate Deterrence

A sentence of probation is sufficient to provide a just sentence, to adequately deter others similarly situated from committing similar crimes and to protect the public.

Bander indicates that he had been diagnosed with a genetic ailment known as polycystic kidney disorder (PKD). Bander lost his father at a young age from this devastating disease. He is frequently examined by physicians. Upon information and belief, this genetic disorder involves a structural abnormality that results in multiple cysts within the kidney. Ultimately resulting in infections, declining renal function, and even dialysis. He also suffers from high blood pressure, sleep apnea, and seasonal allergies. Taking his health into account, probation provides sufficient

deterrence and by placing Bander on probation, this Court will ensure that he will not appear before it again

### c. *Incapacitation/Public Safety*

A term of probation is more than enough to protect the public from any further misconduct. Such a sentence would allow Bander efficiently pay restitution by providing him the opportunity to maintain his employment and run his businesses. A term of active incarceration would only exacerbate the harm suffered by the victims as well as serve as a debtors prison preventing Bander from paying what he owes.

Bander is not a danger to public safety and would be sufficiently incapacitated while on probation. During this time he would also be able to work and pay restitution, facilitating judicial efficiency and making the victims whole in a more timely manner.

### d. *Educational and Vocational Programs*

Bander is highly educated receiving his high school diploma from Hampton Christian Academy in 1989, a Bachelor of Science Degree in Biology with a Minor in Chemistry from Christopher Newport University in 1994, and a Juris Doctorate from Regent University Law in 2000. Bander would not likely benefit from educational programs within the BOP and would better serve his sentence on probation in order to make use of his education to make the victims whole.

Bander has maintained employment for his entire adult life. He is a managing partner for Service Solutions for IT Inc., managing partner for TAMB properties, LLC., and owner of Mas-Ev Properties, LLC. In his past, Bander has also been employed as a laboratory technician and practiced law as a personal injury attorney for approximately 9 years. Placing him on probation would allow Bander to maintain these businesses expediting the restitution process.

### e. *Avoidance of Unwarranted Sentence Disparity*

18 U.S.C. § 3553(a)(6) references "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct."

The following co-defendants with the same charge have plead and been sentenced:

Joseph T. Poling        48 Months – Prison

Raisa N. Ison          3 Years – Probation

Considering the foregoing, probation would be most appropriate. It is understood the facts germane to a particular defendant are unique, and may vary from case to case. However, placing Bander on probation is most appropriate in comparison to the others above.

WHEREFORE the Defendant requests that this Honorable Court sentence him appropriately as requested herein and grant further relief as the nature of this case may require.

**MORRIS ANDREW BANDER**

_____/s/_____
Andrew A. Protogyrou | VSB No. 27253
Protogyrou Law, P.L.C
125 St Pauls Boulevard, Suite 150
Norfolk, VA 23510
757.625.1775 | protogyrou@prlaw.org
Counsel for Morris Andrew Bander

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of October 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Randy C. Stoker, Esquire
Assistant United States Attorney
101 West Maine Street, Suite 8000
Norfolk, Virginia 23510
(757.441-6331

Anthony C. Mozzi, Esquire
Assistant United States Attorney
101 West Maine Street, Suite 8000
Norfolk, Virginia 23510
(757.441-6331

                                                       /s/
                                  Andrew A. Protogyrou | VSB No. 27253
                                  Protogyrou Law, P.L.C
                                  125 St Pauls Boulevard, Suite 150
                                  Norfolk, VA 23510
                                  757.625.1775 | protogyrou@prlaw.org

                                  Counsel for Morris Andrew Bander